IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RODNEY L. BROWN**,

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.** No. 18-CV-00569-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is petitioner Rodney L Brown's ("petitioner") motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 1). Petitioner raises ten (10) grounds in support of the motion. After review, the Court dismisses the motion for timeliness.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed *if timely filed*: a motion for revision made under Federal Rule of Criminal Procedure 35, a motion for new trial made under Federal Rule of Criminal Procedure 33, and lastly, as filed here, a collateral attack under 28 U.S.C. § 2255.

"A motion . . . for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the 'the date on which the judgment of the conviction becomes final.'" *Clay v. United* States, 537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255(f)(1).

Here, petitioner did not file a notice of appeal after sentence was imposed and judgment of conviction was entered. Therefore, petitioner's conviction became final in January 2010 (doc. 268), and a timely motion under § 2255 had to be filed by January 2011. Instead, petitioner's § 2255 petition was filed March 13, 2018, some *eight years* after his conviction was finalized and *seven years* past the one year statute of limitations deadline. To support why his motion is filed so untimely, petitioner claims he "wasn't aware of [the] decision or sentence" as he had escaped federal custody prior to sentencing and absconded to Mexico. *See* doc. 1 at 4; 13. When petitioner was apprehended some seven months after his escape, he was taken into State custody[1] where he remained until January 2017. *Id*. at 13. Petitioner claims he had no access to the courts during this time - from 2010 to 2017 (*id*. at 10) - and did not learn of his sentence to be able to file a direct appeal or other post-judgment motion until he was released into federal custody in March 2017. *Id*. at 15.

Petitioner makes the inference in his motion that the one year limitations

---

[1] Petitioner's January 29, 2010 sentence took into account crimes committed in the 276th Judicial Court of Morris County, Texas, and was to run consecutively to the, at the time, undischarged terms of imprisonment for the Morris County cases (doc. 265).

period should run from the date he claims he became aware of his federal sentence, March 2017. *See* doc. 1 at 15 ("As soon as defendant was in federal custody (3-9-2017) and became aware of his sentencing (3-14-2017), Defendant filed a Notice of Intent to file an out-of-time appeal and requested transcripts. The Courts denied said motion[2] and this is the first opportunity the defendant has had to file 2255."). The Court is not persuaded that March 2018 is the first opportunity petitioner has had to file a § 2255 petition. To support this accusation, petitioner merely makes repeated, conclusory statements that he "didn't have access to the courts", yet does not provide any information as to why. His § 2255 petition does not demonstrate why petitioner was unable to access the courts for a seven year period of time nor does it state any viable reason to toll the one year statute of limitations from the date his conviction became final. Furthermore, petitioner does not cite to any case law establishing that committing a criminal act, such as escaping from federal custody, is grounds to extend the limitations period.

Petitioner's § 2255 motion was filed over seven years late and clearly, is untimely. His claims should have been raised, and could have been raised, within the statute of limitations period as petitioner has presented no valid reason why he was not aware of them until 2017. Accordingly, his 28 U.S.C. § 2255 motion is **DISMISSED with prejudice.**

---

2 On April 14, 2017 petitioner requested copies of certain parts of the record in order to file an untimely appeal (doc. 275). The Court denied the motion in part for it being "more likely than not futile" (doc. 276).

Further, the Court also **DENIES** a certificate of appealability as to the § 2255 motion. A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); FED. R.APP. P. 22(b). The Court denies a certificate of appealability as reasonable jurists would not debate that the denial of petitioner's § 2255 motion is proper. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating, "a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, … reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further") (citation and quotation marks omitted).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.02
11:42:48 -05'00'

United States District Judge